**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**
**COURT FILE NO.: 17-CV-167**

| | |
|---|---|
| Marc and Michelle Sivula<br><br>Plaintiffs,<br>v.<br><br>D & A Services, LLC,<br>Crown Asset Management, LLC,<br>Synchrony Bank | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and Wis. Stat. §427.104 of the Wisconsin Consumer Act by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiffs.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here.

## PARTIES

4. Plaintiffs Marc T. Sivula and Michelle M. Sivula are natural persons who reside in Pence, County of Iron, State of Wisconsin, and are both a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

5. Upon information and belief, Defendant Synchrony Bank (hereinafter "SYNCHRONY") is an entity located in Utah operating from an address of 170 West Election Road, Suite 125, Draper, UT 84020, and is a "debt collector" as that term is defined by Wis. Stat. §427.103(3).
6. Upon information and belief, D & A Services, LLC (hereinafter "DA") is a collection agency operating from an address of 1400 E Touhy Ave Ste G2, Des Plaines, IL 60018-0000, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Wis. Stat. §427.103(3).
7. Upon information and belief, Crown Asset Management, LLC (hereinafter "CROWN") is a collection agency operating from an address of 3100 Breckinridge Blvd Ste 725 Duluth , GA 30096, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Wis. Stat. §427.103(3).

## FACTUAL ALLEGATIONS

9. Before June 27, 2016, Plaintiffs incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "claim" as it is defined by Wis. Stat. §427.103(1) and a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a "debt" to Synchrony.
10. The debt was then purchased/assigned/transferred from Synchrony to Crown.
11. The debt was then purchased/assigned/transferred from Crown to DA.
12. On June 28, 2016, Plaintiffs' attorney sent a notice of representation letter telling Synchrony to not contact the Plaintiffs. (Ex. A)
13. On December 29, 2016, DA sent a collection letter to Plaintiffs. (Ex. B)

14. The above noted letter was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

***Summary***

15. From the facts above, Plaintiffs assert Defendants Credit and Enhanced's collective actions were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §1692c(a)(2), §1692c(c), §1692e, and §1692f amongst others.

16. From the facts above, Plaintiffs assert all Defendants' actions were made in violation of numerous and multiple provisions of the Wisconsin Consumer Act, including but not limited to Wis. Stat. §427.104(h) and §427.104(j).

**TRIAL BY JURY**

17. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable.

CAUSE(S) OF ACTION

**COUNT 1.**

**VIOLATIONS OF WISCONSIN CH. 427: CONSUMER TRANSACTIONS – DEBT COLLECTION – ALL DEFENDANTS**

18. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

19. The debt at issue was and is a "consumer transaction" as that term is defined in Wis. Stat. §421.301.

20. Defendants and their respective employees attempted to collect a "claim "as that term is defined by Wis. Stat. §427.103(1).

21. Defendants and their respective employees attempted to collect the claim in a manner

consistent with the term "debt collection" as it is defined in §427.103(2).

22. Defendants and their respective employees are "Debt Collector[s]" as that term is defined by Wis. Stat. §427.103(3).

23. Contrary to Wis. Stat. §427.104(j), Defendants and their respective employees have attempted to collect a claim or debt arising from a consumer credit transaction or other consumer transaction with knowledge, or should have known, that right does not exist.

24. Contrary to Wis. Stat. §427.104(h), Defendants and their respective employees engaged in conduct which can reasonably be expected to threaten or harass the customer.

25. As a result, the Plaintiffs are entitled to an award of actual and statutory damages and the penalty provided in Wis. Stat. §425.304; but notwithstanding any other law, actual damages shall include any applicable damages caused by emotional distress or mental anguish with or without accompanying physical injury proximately caused by a violation of this chapter.

**COUNT 2.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq. – CROWN AND DA**

26. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The foregoing acts and omissions of the Defendants Enhanced and Credit constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiffs.

28. As a result of Defendants Crown and DA's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an

amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## COUNT 3.

## NEGLIGENT TRAINING AND/OR SUPERVISION – ALL DEFENDANTS

29. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. That Defendants were negligent in the training and/or supervision of some unknown employee(s) in an attempt to collect a debt as noted above;

31. That the negligence of all the Defendants unnamed employee(s) are a substantial factor in producing injuries and/or damages which the Plaintiffs sustained due the unlawful debt collection practices as noted in previous paragraphs;

32. That as a direct and proximate result of said injuries received from the unlawful debt collection practices, the Plaintiffs have sustained the following:

    A) Actual Damages;

    B) Statutory Damages

33. That upon information and belief, during the time of the unlawful debt collection, as noted above, an unknown insurer of the Defendants each had in effect for the benefit of themselves, a liability insurance policy, the terms of which make unknown insurance company defendant, a proper defendant herein under the provisions of Wisconsin Statute Section §632.24.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that judgment be entered against Defendants:

## COUNT I.

## VIOLATIONS OF WISCONSIN CH. 427: CONSUMER TRANSACTIONS – ALL DEFENDANTS

- As a result of the Defendants' violation of Wis. Stat. §427.104(1)(j) and (h), the Defendants are liable to Plaintiffs for actual damages, punitive damages and legal fees under Wis. Stat. §427.105(1) and Wis. Stat. §425.304.

- For such other and further relief as may be just and proper.

## COUNT 2.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 16 U.S.C. § 1692 et seq. – CROWN AND DA

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants and for Plaintiffs;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants and for Plaintiffs;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants and for Plaintiffs;

## COUNT 3.

## NEGLIGENT TRAINING AND/OR SUPERVISION – ALL DEFENDANTS

- Compensation consistent with the allegations of the complaint stated above;

- Award of costs, disbursements and attorney fees as allowed by state;

- Punitive damages; and,

- For such other and further relief as may be just and proper.

Respectfully submitted,

Dated: March 6, 2017

**Lein Law Offices**

By: **s/Matthew C. Lein**
Matthew C. Lein
Attorney I.D.#1084028
15692 Hwy 63 North
PO Box 761
Hayward, Wisconsin 54843
Telephone: (715) 634-4273
Facsimile: (715) 634-5051
mlein@leinlawoffices.com

**Attorney for Plaintiffs**

MCL/ml